UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN GILBERT,

      Petitioner,

Case No. 2:09-CV-188

v.

HON. ROBERT HOLMES BELL

GREGORY McQUIGGIN,

      Respondent.
_____/

ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On July 14, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Steven Gilbert's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 22.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 26.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

1

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's first objection is to the finding that his plea was voluntary. Petitioner contends that the state court's finding that his plea was voluntary should not have been accorded a presumption of correctness because the appellate courts merely rubber stamped the findings of the trial court. Petitioner's argument lacks merit. "The relevant state court decision is the last state court to adjudicate the claim on the merits, and this court reviews the decision of 'the last state court to issue a reasoned opinion on the issue.'" *Pudelski v. Wilson*, 576 F.3d 595, 607 (6th Cir. 2009) (quoting *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006)). The trial court's factual finding that Petitioner's plea was voluntary was properly accorded a presumption of correctness, and Petitioner failed to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

Petitioner's second objection concerns the Magistrate Judge's rejection of Petitioner's claim that his plea agreement became illusory when the trial court imposed a life sentence. This argument also lacks merit. At the time of his plea, Plaintiff acknowledged that the maximum penalty he could receive was life in prison. Even if the trial court ultimately rejected the sentence recommended by the parties, a plea bargain based on the hope and expectation of a more lenient sentence is valid and fundamentally fair. *Carwile v. Smith*, 874 F.2d 382, 385-86 (6th Cir. 1998). "Unfulfilled subjective expectations of counsel and a

defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary." *United States v. Ford*, 15 F. App'x 303, 308 (6th Cir. 2001) (citing *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993); *Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975)).

Petitioner's third objection concerns the rejection of his ineffective assistance of counsel claim. Petitioner contends that defense counsel was ineffective for not having the plea agreement reduced to writing and for not objecting to the life sentence. These arguments lack merit because there is no constitutional requirement that a plea agreement be reduced to writing, *Gresham v. Martel*, No. 2:07-CV-2192, 2010 WL 624279 at *9 (E.D. Cal. Feb. 22, 2010), and the failure to make a frivolous objection cannot constitute ineffective assistance of counsel, *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

Finally, Petitioner requests that he be allowed to return to the Michigan appellate courts to exhaust and expand the record. Petitioner's request is untimely, and Petitioner has not suggested that he has any claims left to exhaust in the state courts. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 26, Obj.) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 14, 2011, Report and Recommendation of the Magistrate Judge (Dkt. No. 22) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**

Dated: June 29, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE